

# THE ATTORNEY GENERAL

# OF TEXAS

## AUSTIN, TEXAS 78711

CRAWFORD C. MARTIN
ATTORNEY GENERAL

November 9, 1967

Hon. J. R. Singleton
Executive Director
Texas Parks and Wildlife
   Department
John H. Reagan Building
Austin, Texas

Opinion No. M-155

Re: Whether under Article 978j-1, V.P.C., after a Commissioners' Court disapproves a proclamation for harvest of wildlife resources in a County, and within a short time thereafter (few weeks) that Court certifies that there has been a material change in the surrounding circumstances, is it mandatory that a second public hearing be held in the same County, and related questions.

Dear Mr. Singleton:

In your request for an opinion from this office you present the following questions.

"(1) Under Article 978j-1, V.A.P.C., when a Commissioners' Court disapproves a proclamation and within a few weeks certifies that there has been a material change in the surrounding circumstances, is it mandatory that a second public hearing be held in the same county?

"(2) Could the Commissioner's Court simply rescind its earlier action and approve the same proposed proclamation without certifying any change in surrounding circumstances and requesting a new hearing to be held?

"(3) In the event of disapproval by the Commissioner's Court in any county, what would be the effective date of operation of the general laws which would again apply?

"(4) In the event the Commissioner's Court in either Kendall or Lampasas Counties disapproves a portion of the Commission's proclamation, may we assume that sections not specifically disapproved are effective or do all rules relating to taking wildlife resources in the county revert to general law?

"(5) In those counties which had approved Proclamation A-20 issued in July 1967 and in which no hearings were held subsequent to the amendments made in September 1967, will it be necessary for the Commissioner's Courts to approve the amended version or will they operate under the original version of the proclamation? No change was made in regulations pertaining to those counties."

Article 978j-1, Vernon's Penal Code, (The Uniform Wildlife Regulatory Act) confers on the Parks and Wildlife Commission of Texas the authority, power and duty of protecting and regulating the harvest of wildlife resources in the various counties designated therein. Acts 60th Leg., R.S., 1967, ch. 730, p. 1959.

Pertinent portions of this Act read as follows:

"Sec. 7. There shall be a *public hearing* held in the county to be affected by any proposed rule, regulation or order dealing with hunting or fishing as provided for in this Act before such proposed rule, regulation or order is adopted by the Commission. Notice of this public hearing must be given in a newspaper published in such county at least ten (10) days prior to the date of the hearing. If no newspaper is published in the county, notice of such hearing must be given in a newspaper published in an adjoining county, which is widely circulated in the county in which the proposed rule, regulation or order is to be in effect. The hearing may be conducted by a designated employee of the Parks and Wildlife Department, or by any member of the Commission, provided it is not necessary for the Commission or some member of the Commission to be present at the said hearing. (Emphasis added.)

"Sec. 8. Orders, proclamations, rules and regulations proposed under the provisions of this Act shall be adopted by a quorum of the Commission at any regular or special Commission meeting or meetings, the date and time to be designated by the Commission and such meeting or meetings for such purpose shall only be held in the Commission's office in Austin, Texas. For the purpose of the provisions of this Act any person interested shall be entitled to be heard at such meetings, and to introduce evidence as to imminence of waste or depletion, as defined in this Act. Two (2) members, or the chairman and one (1) member of said Commission shall constitute a quorum. No order, rule or regulation, general or local, shall be adopted at any regular or special meeting of the Commission unless a quorum is present.

"Sec. 9. Orders, rules and regulations adopted by the Commission shall become effective at a time fixed by the Commission but not earlier than fifteen (15) days after their adoption, except in the case of emergency as provided in this Act, and shall continue in full force and effect until they shall expire by their own terms, or are revoked, modified or amended by said Commission.
    ". . .

"Sec. 13. Special Provisions.

    ". . .

"b. In Bandera, Coke, Crockett, Edwards, Hays, Kerr, Kimble, Kinney, Lampasas, Medina, Menard, Reagan, Real, Schleicher, Sutton, and Val Verde

Counties, orders, rules and regulations adopted in accordance with Section 8 of this Act shall not be effective as provided in Section 9 *unless and until they have been approved by the Commissioners Court of each of such counties.* The Commissioners Court in each county named in this subsection shall approve or disapprove the Commission's rule, regulation or order *or in Lampasas and any order or part of order,* at its next regular meeting occurring more than five (5) days after adoption by the Commission. If approved, the rule, regulation or order becomes effective at the time specified in the proclamation by the Commission. If disapproved, for any of the above named counties, no public hearing on a similar proposal for the county may be held for a period of six (6) months unless a majority of said Commissioners Court certifies to the Commission that there has been some material change in the surrounding circumstances which necessitates the holding of a public hearing within the six month period. If the Commissioners Court disapproves the rules, regulations, or orders promulgated by the Commission, then the taking of the wildlife resources of the county is regulated by the General Law until such time as the Commissioners Court approves rules, regulations, or orders subsequently promulgated by the Commission." (Emphasis added.)

Two distinct actions are necessary before a proposed regulation of the Commission can become effective under the Act. First, a public hearing must be held in accordance with Section 7, and second, the proposal must be adopted by the Commission as set forth in Section 8.

Such regulation will thus become effective as provided in Section 9, *except* that further action is necessary and the same shall not become effective in the counties enumerated in Section 13b *unless and until approved* by the Commissioners' Court of each of such counties.

Article 7 expressly provides that a public hearing shall be held in the County to be affected by any proposed regulation of the Commission. And since Article 13b expressly provides the manner by which a public hearing may be held during the six (6) month period following disapproval by a Commissioners' Court of a county enumerated therein, it is the apparent intent of the Legislature that a public hearing be held concerning a proposed regulation before it is presented to a Commissioners' Court each time for approval or disapproval.

Therefore, in answer to your first question, it is the opinion of this office that when a Commissioners' Court disapproves a proclamation under Section 13b of the Act and within a few weeks thereafter certifies there has been a material change in the surrounding circumstances which necessitates the holding of a public hearing within the six month period following such disapproval, a second public hearing concerning such proclamation must be held in the same county and adopted by the Commission before submission to the Commissioners' Court again for approval or disapproval.

Unless vested rights are impaired, a Commissioners' Court generally has the power

to rescind or vacate an order made in its legislative or administrative capacity where the exercise of such functions is not restricted as to time or manner. 15 Tex.Jur.2d 274, Counties, Sec. 45; *August A. Busch and Company v. Caulfield*, 135 S.W. 244, 246 (Tex.Civ.App. 1911, error ref.).

Since Article 13b expressly provides the particular time and meeting at which such Commissioners' Courts shall approve or disapprove a proposed proclamation, that is, at its next regular meeting occurring more than five days after adoption by the Commission, and, if disapproved, the particular manner by which a public hearing on a similar proposal may be held within the six (6) month period following such disapproval, it is the opinion of this office that such restrictions preclude a Commissioners' Court from rescinding an order disapproving a proc-clamation and subsequently approving the same at any meeting thereafter, without holding another public hearing thereon; and we therefore answer your second question in the negative.

Sections 17 and 18 of the Act read as follows:

"Sec. 17. This Act shall become effective on the 1st day of September 1967.

"Sec. 18. The Parks and Wildlife Commission may thereafter within a reasonable period promulgate its proclamations, rules, regulations and orders for the purpose and under the provisions of this Act. *Until such rules, regulations, orders and proclamations of the Parks and Wildlife Commission are a-dopted in accordance with the provisions of this Act, all General and Special Laws and existing proclamations relating to the taking of any of the wildlife resources within this state or county shall remain in full force and effect.* All game laws, General and Special, presently in force or enacted during the 60th Legislature, pertaining to the State of Texas or any county or counties therein, shall be in full force and effect until the Parks and Wildlife Commission shall, in accordance with this Act issue a proclamation, rule or regulation dealing with the subject matter of the county affected by such presently exist-ing game law." (Emphasis added.)

Section 18 of the Act provides that all General and Special Laws *and existing proclamations* relating to the taking of any of the wildlife resources within this state or county *shall remain in full force and effect* until such rules, regulations, orders and proclamations of the Commission are adopted in accordance with the provisions of the Act.

Therefore, in answer to your third question, in the event of disapproval by the Commissioners' Court as provided in Section 13b, the existing general and special Laws and existing proclamations thereunder will remain in full force and effect.

By the provisions of Section 13b of the Act, the Commissioners' Court of Lam-pasas County alone may approve or disapprove any order *or part of order* of the Commission. Similar authorization is extended to Kendall County by a separate Act, Acts 60th Leg., R.S., 1967, ch. 552, p. 1220 (codified under Article 978j, note, V.P.C.) reading as follows:

"Sec. 9. The Commissioners Court of Kendall County shall approve or disapprove the commission's rule, regulation or order, or any part thereof, at its next regular meeting occurring more than five days after said rule, regulation or order is promulgated. If approved, the rule, regulation or order, or part thereof, shall become effective within 15 days, except in state of emergency as provided in this Act, in which event it shall become effective upon approval by the commissioners court, and shall remain in full force and effect until such order, rule or regulation, or part thereof, shall expire by its own terms or is revoked or amended by the commission as provided herein. If disapproved by the commissioners court, in whole or in part, no public hearing on a similar proposal may be held for a period of 6 months unless said commissioners court certifies to the commission that there has been some material change in the surrounding circumstances which necessitates the holding of a public hearing within the 6 months period. Should the commissioners court disapprove an order, rule, regulation, or part thereof, then the general or special law governing the wildlife resources to be made subject thereto shall remain in full force and effect until altered at some later date according to the provisions of this Act."

In the designated counties it is the general intent of both Acts that no order, rule or regulation of the Commission (or part thereof in the cases of Lampasas and Kendall Counties) shall become effective *until such time as it may be approved* by the respective Commissioners' Courts.

Therefore, in answer to your fourth question, if the Commissioners' Court in either Kendall or Lampasas Counties disapproves a portion of the Commission's proclamation, only those parts thereof as may be specifically approved shall become effective. Such subjects contained in those parts not specifically approved shall continue to be governed by the existing general and special Laws and existing proclamations thereunder as set forth in our answer to your third question.

Since Section 7 of the Act requires public hearings before a proclamation can be adopted by the Commission, no proclamation could be effectively adopted in the absence of a public hearing.

Therefore, in answer to your fifth question, in those counties which had approved Proclamation No. A-20 regulating Edwards Plateau Hunting, Fishing and Trapping and in which no hearings were subsequently held concerning amendments promulgated after the effective date of the Act, the existing general and special Laws and existing proclamations, such as No. A-20, remain in full force and effect. Before subsequent proclamations or amendments may become effective in those counties a hearing must be held before adoption by the Commission and the same must be approved by the Commissioners' Courts in those counties enumerated in Section 13b of the Act.

## SUMMARY

(1) When a Commissioners' Court disapproves a proclamation of the Parks and Wildlife Commission under Article 978j-1, 13b, Vernon's Penal Code, and within a few weeks thereafter certifies there has been a material change in the surrounding circumstances which necessitates the holding of a public hearing within the six (6) month period following disapproval, a second public hearing must be held in the same county before same can be adopted again by the Commission and submitted again to the Commissioners' Court for approval or disapproval.

(2) A Commissioners' Court disapproving a proposed proclamation of the Parks and Wildlife Commission is not authorized by Article 978j-1, to simply rescind its disapproval at a later meeting and enter its order approving the same without holding another public hearing thereon.

(3) In the event a Commissioners' Court disapproves a proposed proclamation of the Parks and Wildlife Commission as provided in Article 978j-1, 13b, Vernon's Penal Code, the existing general and special Laws and existing proclamations thereunder would remain in full force and effect.

(4) If the Commissioners' Court in either Kendall County (under Article 978j, as amended) or Lampasas County (under Article 978j-1) disapproves a portion of a proposed proclamation of the Parks and Wildlife Commission, only those parts thereof that are specifically approved shall become effective, and such subjects that are not specifically approved shall continue to be governed by the existing general and special Laws and existing proclamations thereunder.

(5) In those counties which had adopted Proclamation No. A-20 of the Parks and Wildlife Department regulating Edwards Plateau Hunting, Fishing and Trapping, and in which no public hearings were subsequently held in accordance with Section 7 of Article 978j-1, concerning amendments promulgated after the effective date of Article 978j-1, the existing general and special Laws and existing proclamations thereunder, such as No. A-20 remain in full force and effect.

Very truly yours,

CRAWFORD C. MARTIN
Attorney General of Texas

Prepared by Monroe Clayton
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Hawthorne Phillips, Chairman
Kerns Taylor, Co-Chairman
W. V. Geppert
Larry Craddock
Ben Harrison
W. O. Shultz

STAFF LEGAL ASSISTANT
A. J. Carubbi, Jr.